IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CIONJA WEST,**<br>    **Plaintiff,**<br><br>v.<br><br>**GLOBAL LENDING SERVICES, LLC, et al.,**<br>    **Defendants.** | CIVIL ACTION<br><br><br><br>NO.  24-6726 |

### MEMORANDUM OPINION

Plaintiff Cionja West, proceeding *pro se*, brought suit against Defendants Global Lending Services, LLC ("Global Lending"), International Recovery Systems, LLC ("International Recovery"), and PAR, Inc. d/b/a PAR North America, improperly named as PAR North America, LLC ("PAR"), due to the repossession of her car.

In her Third Amended Complaint, she alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681b, *et seq.*; the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809; the California Consumer Privacy Act, Cal. Civ. Code § 1798, *et seq.*; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*; unidentified constitutional claims under 42 U.S.C. §§ 1983, 1985, and 1986; and common law invasion of privacy.  Defendants move to dismiss the Third Amended Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, Defendants' Motion will be granted.

**I.    BACKGROUND**

The following factual recitation is taken from West's operative Complaint, well-pleaded allegations from which are taken as true at this stage.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

1

In 2021, West bought a Hyundai Santa Fe, financing the purchase by entering a "consumer credit transaction" with Global Lending. Three years later, PAR and International Recovery, on behalf of Global Lending, repossessed the car while it was parked at a family member's residence, without notifying West that the car was subject to repossession. To locate and repossess the vehicle, PAR accessed her credit report. A week after the repossession, Global Lending wrote to West, informing her of her options should she wish to recover the vehicle, although West's pleading does not reveal if she tried to do so.

At some point, Global Lending decided to write off the debt that West owed on the car, but failed to provide her with a "1099-C form," which, as she sees it, Global Lending was required by law to do. According to West, when Global Lending reported the loss to the Internal Revenue Service, it "effectively treated the debt as uncollectible. However, [Global Lending] still engaged [PAR] and International Recovery . . . to repossess the vehicle unlawfully." In the wake of the car's repossession and Global Lending writing off the debt, West sent two "formal requests"—in the form of emails—to Global Lending, which sought information regarding the "sale and disclosure" of her personal information. Global Lending declined to respond.

## II.  LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, the complaint must be construed "in the light

2

most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (citation omitted). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11.

Because West is proceeding *pro se*, her allegations must be construed liberally at this stage. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The "relevant legal principle" therefore will be applied "even when the complaint has failed to name it." *Id.* "Missing details or superfluous material" similarly do not render a *pro se* complaint "unintelligible." *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019). "Indeed, even if it is vague, repetitious, or contains extraneous information, a *pro se* complaint's language will ordinarily be 'plain'" in satisfaction of Rule 8 "if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

### III.   DISCUSSION

#### A. Fair Debt Collection Practices Act

First, West alleges that Defendants violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* To prevail on that claim, West must allege facts establishing "that (1) she is a consumer, (2) the [Defendants are] debt collector[s], (3) the [Defendants'] challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the [Defendants] violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).[1]

---

[1] Defendants primarily argue—regarding both West's FDCPA claim and most of the claims addressed below—that her Third Amended Complaint is a cut-and-paste of her Amended Complaint, which was dismissed without prejudice. As Defendants see it, because West's Amended Complaint was previously dismissed, and because West

West has failed to allege facts supporting the fourth element, that Defendants violated one of the FDCPA's provisions in collecting on her debt, because she does not describe said violations other than in conclusory terms. For example, she asserts the legal conclusion that Defendants "misrepresent[ed] their legal right to repossess" her "vehicle and engag[ed] in deceptive practices to enforce a nonexistent right to possession," purportedly in violation of the FDCPA's prohibition on making "false, deceptive, or misleading representation[s]" in connection with debt collection. 15 U.S.C. § 1692e. But she does not allege any facts supporting that conclusion, such as the contents of said misrepresentations, to whom Defendants made them, or why Defendants' asserted right of repossession would be "nonexistent." She further asserts that Defendants collected on her debt through "unfair or unconscionable means," in violation of 15 U.S.C. § 1692f, but nowhere in her pleading does she identify the means Defendants used which were purportedly unfair or unconscionable.

Absent specific factual allegations on these points, West cannot state an FDCPA claim. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97-98 (3d Cir. 2017) (determining that plaintiff's "complaint also fails to state an FDCPA claim because it does not adequately plead that the defendants made any materially false statement that would have been confusing to the least sophisticated debtor," and "the allegations of falsity in the complaint set out the kind of conclusory and speculative statements that cannot survive a motion to dismiss."

---

has not added any new facts to support her claim, West must have failed to state a claim in her now operative Third Amended Complaint. But Defendants misread the Order dismissing the Amended Complaint. That Order articulated that West had failed to supply sufficient legal authority in responding to Defendant's initial Motion to Dismiss, not that West's Amended Complaint was deficient in its factual allegations.

Defendants next argue that a document labeled a "Retail Installment Sale Contract" ("RISC"), which West purportedly executed to purchase her vehicle, reveals that Defendants are not "debt collectors" as defined by the FDCPA. But even assuming *arguendo* said document could be properly considered at the pleading stage, Defendants did not attach the RISC to their Motion, despite their several assertions to the contrary. As such, their arguments about the RISC will not be considered.

(internal citations omitted)); *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp.3d 610, 622 (E.D. Pa. 2015) (concluding that plaintiff failed to state a claim against defendant for violating § 1629f's prohibition on the use of "unfair or unconscionable means" when "plaintiff fail[ed] to identify any type of misconduct" defendant committed).

Although this is West's fourth pleading, it is the first that has been dismissed due to the insufficiency of its allegations, so her FDCPA claim will be dismissed without prejudice. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (Federal Rules require that "leave [to amend] shall be freely given when justice so requires") (citing Fed. R. Civ. P. 15(a)).

### B. Fair Credit Reporting Act

Second, West alleges that PAR violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, *et seq.*, by accessing her consumer credit report to locate and repossess her vehicle. The "FCRA imposes civil liability upon a person who willfully obtains a consumer report for" any "purpose that" the statute does not authorize. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *see also* 15 U.S.C. § 1681b(f)(1) (prohibiting the "use" or "obtain[ing]" of "a consumer report for any purpose unless" the report "is obtained for a" purpose "authorized" under the statute). "[T]he statute expressly permits," however, the "distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, *or review or collection of an account of, the consumer*.'" *Huertas*, 641 F.3d at 34 (quoting 15 U.S.C. § 1681b(a)(3)(A)). In other words, debt collection is a "permissible purpose" for which an entity can obtain or use a credit report. *Miller v. Transworld Sys., Inc.*, 2024 WL 4445063, at *3 (E.D. Pa. Oct. 8, 2024) (collecting cases).

Here, West "sought credit" from Global Lending to finance the purchase of her car, and it was that "consumer transaction which ultimately resulted in" PAR "accessing" her "credit report to collect" on the debt she incurred. *Huertas*, 641 F.3d at 34. Therefore, the FCRA "authorizes" PAR's "use of [her] consumer information." *Id.*

Nevertheless, West argues that, according to *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010), debt collection in the form of vehicle repossession is not authorized by the FCRA.[2] In *Pintos*, police directed a towing company to impound the plaintiff's vehicle, and the towing company obtained a lien on the vehicle to pay for the costs it incurred in doing so. *Id.* at 673. The vehicle was later sold when the plaintiff "failed to reclaim it or pay the outstanding charges" for its towing. *Id.* When the vehicle's sale did not fully cover the balance that the plaintiff owed the towing company, it asserted a deficiency claim against the plaintiff, and later transferred that claim to a collection agency. *Id.* The collection agency obtained the plaintiff's credit report, the plaintiff sued the collection agency for violating the FCRA, and the collection agency argued that it had obtained a credit report for a permissible purpose: to collect on the debt the plaintiff owed the towing company for the costs it incurred in towing the vehicle. *Id.* at 673-74. In a divided panel, the Ninth Circuit explained that the FCRA authorizes the use of a consumer report "'in connection with a credit transaction *involving the consumer*,'" but the credit transaction at issue—*i.e.*, the towing company's lien on the vehicle to pay for its towing costs— did not "involve" the plaintiff as the FCRA contemplates, because the plaintiff "did not participate in seeking credit from the towing company." *Id.* at 675 (quoting 15 U.S.C.

---

[2] West provides another citation to a case that does not exist: "*Sterling v. Riddle*, No. 3:05-CV-1383-G, 2005 WL 3448037 (N.D. Tex. Dec. 14, 2005)." The name of that case is identical to a case in the Northern District of Illinois concerning employment discrimination, not the FCRA. *See generally Sterling v. Riddle*, 2000 WL 198440 (N.D. Ill. Feb. 11, 2000). And the online reporter citation she provides matches a case in the District of Maryland, *Liberty Mut. Ins. Co. v. Zurich Ins. Co.*, 2005 WL 3448037 (D. Md. Dec. 14, 2005), which does not concern the FCRA.

6

§ 1681b(a)(3)(A)).  Because the plaintiff was not "a participant in the typical transaction where an extension of credit is requested," the FCRA's provision authorizing the use of credit reports for debt collection did not apply.  *Id.*

But here, West alleges she is directly involved with the credit transaction at issue.  She initiated the transaction to finance the purchase of her car, and PAR repossessed her vehicle to collect on debt incurred because of that transaction—not to pay for its own towing costs.  Therefore, *Pintos* (even if it is precedential here in the Eastern District of Pennsylvania—which it is not) is inapposite to this case.  *Rumain v. Gregoris Motors, Inc.*, 2021 WL 9553573, at *9-10 (E.D.N.Y. Sept. 28, 2021) (distinguishing *Pintos* on the same grounds as above, and dismissing plaintiff's FCRA claim because the credit report at issue was obtained for an FCRA-authorized purpose, debt collection); *Jordan v. M & T Bank Corp.*, __ F. Supp.3d __, 2025 WL 887120, at *3, 18 (N.D. Ind. 2025) (determining that defendants' accessing a credit report to collect on a debt in the form of repossessing a vehicle was authorized by the FCRA); *Geiling v. Wirt Fin. Srvs., Inc.*, 2014 WL 8473822, at *33 (E.D. Mich. Dec. 31, 2014) (collecting on debt is a permissible purpose to access a credit report, even when collection efforts include repossessing collateral, such as a boat).

Because PAR accessed her credit report for a permissible purpose under the FCRA, West cannot state a claim against PAR based on such access.  *Huertas*, 641 F.3d at 34-35 (affirming district court's dismissal of FCRA claim when credit report was accessed to collect debt).  As such, any amendment of her FCRA claim would be futile, and so such claim shall be dismissed with prejudice.  *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp.2d 178, 188 (D.N.J. 2012) (dismissing FCRA claims with prejudice, because amendment would be futile, when plaintiff pleaded that defendant accessed plaintiff's consumer report for a permissible purpose, namely,

§ 1681b(a)(3)(A)).  Because the plaintiff was not "a participant in the typical transaction where an extension of credit is requested," the FCRA's provision authorizing the use of credit reports for debt collection did not apply.  *Id.*

But here, West alleges she is directly involved with the credit transaction at issue.  She initiated the transaction to finance the purchase of her car, and PAR repossessed her vehicle to collect on debt incurred because of that transaction—not to pay for its own towing costs.  Therefore, *Pintos* (even if it is precedential here in the Eastern District of Pennsylvania—which it is not) is inapposite to this case.  *Rumain v. Gregoris Motors, Inc.*, 2021 WL 9553573, at *9-10 (E.D.N.Y. Sept. 28, 2021) (distinguishing *Pintos* on the same grounds as above, and dismissing plaintiff's FCRA claim because the credit report at issue was obtained for an FCRA-authorized purpose, debt collection); *Jordan v. M & T Bank Corp.*, __ F. Supp.3d __, 2025 WL 887120, at *3, 18 (N.D. Ind. 2025) (determining that defendants' accessing a credit report to collect on a debt in the form of repossessing a vehicle was authorized by the FCRA); *Geiling v. Wirt Fin. Srvs., Inc.*, 2014 WL 8473822, at *33 (E.D. Mich. Dec. 31, 2014) (collecting on debt is a permissible purpose to access a credit report, even when collection efforts include repossessing collateral, such as a boat).

Because PAR accessed her credit report for a permissible purpose under the FCRA, West cannot state a claim against PAR based on such access.  *Huertas*, 641 F.3d at 34-35 (affirming district court's dismissal of FCRA claim when credit report was accessed to collect debt).  As such, any amendment of her FCRA claim would be futile, and so such claim shall be dismissed with prejudice.  *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp.2d 178, 188 (D.N.J. 2012) (dismissing FCRA claims with prejudice, because amendment would be futile, when plaintiff pleaded that defendant accessed plaintiff's consumer report for a permissible purpose, namely,

debt collection).

### C. Gramm-Leach-Bliley Act

Third, West alleges that Defendants violated the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. §§ 6801-6809. However, the GLBA does not provide a private cause of action. *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *Frazier v. TransUnion*, 2023 WL 6323088, at *3 (E.D. Pa. Sept. 28, 2023); *Miller v. Navy Fed. Credit Union*, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023); *Ishmael v. GM Fin. Inc.*, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *Ewideh v. Kohl's Dept. Stores Carlisle Pa.*, 2022 WL 2181235, at *4 (M.D. Pa. Feb. 4, 2022), *report and recommendation adopted*, 2022 WL 1618530 (M.D. Pa. May 23, 2022); *Geyer v. Am. Advisors Grp.*, 2018 WL 466240, at *2 (D.N.J. Jan. 18, 2018).

That alone is fatal to West's claim, rendering it futile to grant her leave to amend, so her GLBA claim shall be dismissed with prejudice. *Frazier*, 2023 WL 6323088, at *3 (dismissing GLBA claim with prejudice for the same reasons; collecting cases).

### D. California Consumer Privacy Act

Fourth, West alleges that Global Lending violated the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100, *et seq.*, by declining to answer her requests for details about the sale and disclosure of her personal information. West is correct that the CCPA requires some businesses to protect and disclose personal data they keep about certain customers, for example, that businesses "[d]isclose and deliver" certain personal information about a "consumer," "based on the consumer's request, within 45 days of receiving a verifiable consumer request from the consumer." Cal. Civ. Code § 1798.130(a)(2)(A).

However, for each section of the CCPA that West invokes, the statute creates a cause of action only for "consumer[s]." *Id.*; *id.* § 1798.110(b) (providing, *inter alia*, a "business that

collects personal information about a consumer shall disclose [such information] to the consumer . . . upon receipt of a verifiable consumer request" for it); *id.* § 1798.115(b) (requiring a "business that sells or shares personal information about a consumer" to provide certain information to said consumer upon request). And for purposes of the CCPA, a "consumer" is defined as a "natural person who is a California resident, as defined in Section 17014 of Title 18 of the California Code of Regulations, as that section read on September 1, 2017, however identified, including by any unique identifier." *Id.* § 1798.140(i).

Section 17014, in turn, "defines 'resident' as '(1) every individual who is in the State for other than a temporary or transitory purpose, and (2) every individual who is domiciled in the State who is outside the State for a temporary or transitory purpose.'" *Sifuentes v. X Corp., Inc.*, 2024 WL 4953431, at *8 (N.D. Cal. Dec. 2, 2024) (quoting Cal. Code Regs. tit. 18, § 17014). "All other individuals," however, "are nonresidents." Cal. Code. Regs. tit. 18, § 17014.

West alleges that she is domiciled in Pennsylvania, not in California. She does not allege that she ever entered California for any purpose, let alone one that is not "temporary or transitory." *Id.* As such, she does not qualify as a "resident," under Section 17014 of Title 18 of the California Code of Regulations, and therefore is not a "consumer" under the CCPA. Cal. Civ. Code § 1798.140(i). Because she is not a "consumer" under the CCPA, she cannot bring a claim under it, and her claim purporting to do so shall be dismissed with prejudice. *Sifuentes*, 2024 WL 4953431, at *8-9 (dismissing non-California resident's claims under the CCPA with prejudice for the same reasons above, which rendered amendment futile).

### E. Remaining Claims

Finally, West's operative pleading asserts a claim for common law invasion of privacy; requests treble damages under the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1961, *et seq.* (although it does not contain a RICO-related Count); and, briefly mentions that Defendants violated her unidentified constitutional rights, purporting to bring a claim under 42 U.S.C. §§ 1983, 1985, and 1986.  Although Defendants moved to dismiss the Third Amended Complaint in its entirety, West declined to defend any RICO, common law, or constitutional claim she wished to assert.  Nevertheless, because dismissing a *pro se* plaintiff's pleading with prejudice for failing to respond to a motion to dismiss is disfavored, *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the viability of her remaining claims will be duly evaluated.

### i. *Constitutional Claims*

To state a claim under 42 U.S.C. § 1983, West must plausibly allege that Defendants "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  But West's pleading does not allege any facts raising the inference that Global Lending, International Recovery, or PAR were "clothed with the authority of state law," *id.*, when they repossessed her car, so her claim under § 1983 shall be dismissed. *Daniels v. N.H.S. Nw. Hum. Servs.*, 2020 WL 1164790 (E.D. Pa. Mar. 10, 2020), *aff'd sub nom. Daniels v. Nw. Human Servs.*, 2021 WL 4166285 (3d Cir. Sept. 14, 2021) (dismissing *pro se* plaintiff's complaint for failure to plausibly allege that defendnant was acting under authority of state law).

As for her claims under §§ 1985(3) and 1986, such claims are intertwined.[3]  "Section

---

[3] Although West does not identify which subsection of 42 U.S.C. § 1985 she is relying on for her claim, it must be § 1985(3).  The other subsections of the statute have to do with jury tampering and obstructing a government officer's duties, neither of which are remotely implicated by the facts in West's Third Amended Complaint.  *See id.* § 1985(1)-(2).

10

1985(3) establishes a cause of action against any person who enters into a private conspiracy for the purpose of depriving the claimant of the equal protection of the laws." *Rogin v. Bensalem Tp.*, 616 F.2d 680, 696 (3d Cir. 1980). "Section 1986 is a companion to § 1985(3) and provides the claimant with a cause of action against any person who, knowing that a violation of § 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution." *Id.* "Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." *Id.*

"[T]he Supreme Court has only recognized two rights that are protected against private encroachment" by § 1985: "'the right to be free from involuntary servitude and the right to interstate travel.'" *Park v. Tsiavos*, 165 F. Supp.3d 191, 198 (D.N.J.) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001)). Here, West's pleading is bereft of any facts establishing that she was deprived of such rights, or that Defendants conspired to deprive her of them. As such, she has failed to state a claim under § 1985 and, by extension, § 1986, so such claims shall be dismissed.

### ii. RICO

The same is true for West's RICO claim. RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Based on a generous reading of her Third Amended Complaint, West appears to be asserting a RICO claim because she believes that, in repossessing her vehicle, Defendants engaged in the "collection of unlawful debt." *Id.* The statute defines "unlawful

debt" as a debt which is "unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury" and which was incurred in "the business of lending money or a thing of value at a rate usurious under State or Federal law where the usurious rate is at least twice the enforceable rate."  18 U.S.C. § 1961(6).

West does not allege any facts evincing that the debt Defendants collected was unlawful by way of it being usurious, so therefore her RICO claim shall be dismissed.  *Huertas*, 641 F.3d at 35 (affirming district court's dismissal of RICO claim when plaintiff alleged that defendant "attempt[ed] to collect on a time-barred debt," because the debt was not "unlawful" as defined by RICO).

### iii. *Common Law Invasion of Privacy*

West's common law invasion-of-privacy claim fares no better.  In Pennsylvania, an "action for invasion of privacy is comprised of four distinct torts: (1) intrusion upon seclusion, (2) appropriation of name or likeness, (3) publicity given to private life and (4) publicity placing the person in a false light."  *Harris v. Easton Publishing Co.*, 483 A.2d 1377, 1383 (Pa. Super. 1984) (citing *Marks v. Bell Tel. Co. of Pa.*, 331 A.2d 424, 430 (Pa. 1975); *Vogel v. W.T. Grant Co.*, 327 A.2d 133, 136 (Pa. 1974)).  West does not allege that Defendants appropriated her name or likeness, and the remaining three torts have at least one element in common—that Defendants conduct be "highly offensive to a reasonable person."  *Id.* (citing Restatement (Second) of Torts §§ 652B (intrusion upon seclusion), 652D (publicity given to private life)); *Krajewski v. Gusoff*, 53 A.3d 793, 805-06 (Pa. Super. 2012) (citing Restatement (Second) of Torts § 652E) (publicity placing person in false light)).  In her Third Amended Complaint, West takes issue with the fact that Defendants repossessed her car in public, causing her embarrassment.  But, in the debt collection context, the kind of conduct that courts consider to be "highly offensive" are typically

much more egregious than that. *See, e.g.*, *Diaz v. D.L. Recovery Corp.*, 486 F. Supp.2d 474, 476, 479-80 (E.D. Pa. 2007) (denying motion to dismiss when debt collector called plaintiff, threatened to repossess all of her household belongings, including her car, and berated plaintiff about the father of her child); *Klein v. Commerce Energy, Inc.*, 256 F. Supp.3d 563, 593-94 (W.D. Pa. 2017) (defendant's more than fifty five calls to plaintiff in effort to collect debt may have been offensive enough to support an invasion of privacy claim). Without more factual allegations establishing that Defendants' conduct was highly offensive, West has failed to state a claim for common law invasion of privacy, and therefore such claim shall be dismissed.

\* \* \*

Although West did not defend her constitutional, RICO, or common law claims in her Response to Defendants' Motion to Dismiss, this is the first instance in which such claims have been dismissed due to the insufficiency of her allegations. As such, her constitutional, RICO, and common law claims shall be dismissed without prejudice. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.

An appropriate order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, J.**