IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CIONJA WEST,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **GLOBAL LENDING SERVICES, LLC,** | **NO.  24CV6726** |
| **Defendant.** | |

**MEMORANDUM OPINION**

Plaintiff Cionja West ("West"), proceeding *pro se*, brought suit against Defendant Global

Lending Services, LLC ("Global Lending").  In her Fourth Amended Complaint, West brings a

claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, for alleged defects in

lending disclosures issued in connection with the purchase of a car, and a claim under the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the subsequent

repossession of that car.  Defendant moves to dismiss the Fourth Amended Complaint in its

entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

reasons that follow, Defendant's Motion will be granted.

## I.      FACTUAL BACKGROUND[1]

In December 2023, West purchased a used 2021 Hyundai Santa Fe.  Although she made a

$6,000 downpayment, she financed much of the vehicle purchase price through a Retail

Installment Sale Contract with Global Lending.  West says that in the course of that transaction,

Global Lending improperly included certain items, including a $6,000 down payment as part of

her "finance charge" and failed to make certain other mandatory disclosures, specifically that she

was not provided with information concerning:

---

[1] The following facts are drawn from West's Fourth Amended Complaint, which well-pleaded allegations are
accepted as true for the purpose of a Motion to Dismiss.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d
Cir. 2009).

- premiums for credit life, accident, or health insurance or that such insurance would not be a factor in her credit approval;

- property damage or liability insurance; or,

- her right to choose the person or company through which that insurance could be obtained.

At some point, the loan went into default, and Global Lending telephoned one of West's family members concerning the debt.  Then, in December 2024, with no notice to West, Global Lending hired a third-party towing company to repossess the car (and its contents) from outside a family member's residence, which it did late one at night.  A week after the repossession, Global Lending wrote to West, informing her of her redemption options should she wish to recover the car, although West does not say whether she tried to do so.

## II.    PRELIMINARY MATTERS

As a general matter, when adjudicating a motion to dismiss under Rule 12(b)(6), courts confine their review to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (same).  However, there is an exception to this general rule.  When the complaint explicitly refers to or relies upon a document, and the defendant attaches an undisputedly authentic copy of that document as an exhibit to a motion to dismiss, the Court may consider it in ruling on the motion to dismiss without converting it into one for summary judgment.[2]  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The extrinsic

---

[2] "[T]he justification for the integral documents exception is that it is not unfair to hold a plaintiff accountable for the contents of documents [she] must have used in framing [her] complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to [her] complaint." *Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016) (quoting *Schmidt*, 770 F.3d at 250).

2

document need not be explicitly cited—the critical question is whether the claims in the complaint are "based on" that document. *Id.*

Attached to Global Lending's Motion to Dismiss is a signed copy of the Retail Installment Sale Contract they executed with West, and West does not call its authenticity into question. The Fourth Amended Complaint explicitly refers to the consumer credit transaction covered by this contract, and this contract's alleged deficiencies are the sole basis for West's Truth in Lending Act claim. The Retail Installment Sale Contract, then, is "integral to or explicitly relied upon in the complaint," *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426), and it can be considered for the purpose of resolving the present Motion. S*ee also Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (considering a purchase and sales agreement attached to the Motion to Dismiss when the complaint is based on the contract).

## III.    LEGAL STANDARD

Because West is proceeding *pro se*, her allegations must be construed liberally at this stage. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The "relevant legal principle" therefore will be applied "even when the complaint has failed to name it." *Id.* "[E]ven if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be 'plain'" in satisfaction of Rule 8 of the Federal Rules of Civil Procedure "if it presents cognizable legal claims to which a defendant can respond on the merits." *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019) (citations omitted). However, *pro se* plaintiffs still must meet a minimum standard under Rule 12(b)(6) by "alleg[ing] sufficient facts in their complaint to support a claim." *Mala,* 704 F.3d at 245.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When analyzing a motion to dismiss, a complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (citation omitted). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11 (citation omitted).

## IV.    DISCUSSION

### A.  Truth in Lending Act

The Truth in Lending Act ("TILA") is a consumer-protection statute which establishes a uniform system of disclosures and standardized terms for consumer credit transactions. 15 U.S.C. § 1601. "[It] requires lenders to disclose the cost of credit to borrowers as a dollar amount. This is done by disclosing, among other things, the amount financed, the finance charge, the annual percentage rate, and the total sale price." *Shareef v. Chrysler Capital*, 2022 WL 1045533, at *2 (E.D. Pa. Apr. 7, 2022) (citing 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18). TILA imposes strict liability in favor of consumer-borrowers when mandated TILA disclosures have not been made. 15 U.S.C. § 1640(a).

Here, West alleges that her contract with Global Lending: (1) included her downpayment as part of the finance charge; (2) did not disclose charges or premiums for credit life, accident, or health insurance; (3) did not disclose in writing that such insurance would not be a factor in her

4

approval; and, (4) did not include property damage or liability insurance or provide West of a clear written statement of her right to choose the person or company through which property damage or liability insurance could be obtained.

But, a review of the contract shows otherwise.  On the first page, under the heading "Federal Truth-in-Lending Disclosures" the interest rate and finance charge is disclosed.  Below that, there is an itemization of the total amount, including the components of the price: the cash price, the downpayment, optional insurance charges, government fees, and registration and document fees.  So too does the contract contain—in a column down the right side of the page— the other disclosures that West claims it lacks.  And contrary to West's assertions, the finance charge does not include her $6,000 downpayment.  Because West based her TILA claim on contractual defects and omissions that do not exist, this claim must be dismissed.

### B.  Fair Debt Collection Practices Act

West also alleges a violation of the Fair Debt Collection Practices Act ("FDCPA").  To prevail on a FDCPA claim, West must plead facts alleging that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Not all entities who engage in debt collection activities are "debt collectors" for the purpose of the FDCPA.  The statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself."  *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 83 (2017).  "Specifically excluded from the definition's reach are . . . a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a

debt it originated, and one collecting a debt it obtained that was not in default at the time of purchase." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018).

"[T]he statute thus provides two separate paths to establishing an entity's status as a 'debt collector.'" *Barbato v. Greystone Alliance*, 916 F.3d 260, 265 (3d Cir. 2019).  Under the first path, which is known as the "principal purpose definition," an entity is a debt collector if it has "the 'collection of any debts' as its 'most important' 'aim.'" *Id.* at 267; *see e.g.*, *Pollice v. National Tax Funding, LLC*, 225 F.3d 379 (3d Cir. 2000) (finding that there was no question that the "principal purpose" of Defendant's business was the collection of debts where existed "solely for the purpose of holding claims for delinquent taxes and municipal obligations."). Alternatively, an entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" is a debt collector under the "regularly collects" definition.  *Id.*  Under this second definition, it does not matter if the entity acquired the debt before or after default; "[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017).

West asserts that Global Lending is a "company engaged in financing motor vehicles and debt collection activities" and alleges that she entered into a consumer credit transaction with them in December 2023 in connection with her car purchase.  But the facts in her Fourth Amended Complaint, accepted as true, fall short of alleging that Global Lending is a "debt collector" under the FDCPA.  They allege only that Global Lending engages in some debt collection activity.  But West does not allege—as is necessary to meet the "principal purpose definition"—that Global Lending's "most important aim" is the collection of debts.  *See Barbato v. Greystone Alliance*, 916 F.3d 260, 267 (3d Cir. 2019).  Indeed, the facts she has pled—that

Global Lending extends consumer credit and finances motor vehicle purchases—even when read in her favor, suggest the contrary.  Nor does West allege that Global Lending was collecting on the loan "on behalf of another"— as would be necessary to qualify as a debt collector under the "regularly collects" definition.  West's complaint instead alleges that she entered into the credit transaction with Global Lending, and Global Lending, therefore, had both extended the credit and was collecting on its own behalf.  *See Henson*, 582 U.S. at 83.  Because West does not sufficiently plead that Global Lending is a debt collector under either definition established by the statute, her FDCPA claim must be dismissed.

But even if Global Lending were a debt collector, West's FDCPA claim in the Fourth Amended Complaint must also be dismissed for the same reason it was dismissed in her Third Amended Complaint: her pleading describes the allegations only in conclusory terms.  As the Court advised West in dismissing the FDCPA claim in her Third Amended Complaint, more specific factual allegations are needed to plead the claim.  Comparing the spare facts alleged in the prior pleading with those pled here, the only addition is the allegation that in summer 2024 Global Lending called a family member's phone.[3]  And so, again, the factual material present in the complaint is insufficient to state a claim, even with that meager addition.

In that West could have addressed the deficiencies in the claims of her Third Amended Complaint that had been dismissed without prejudice, but chose not to, all the reasons for dismissal given in the May 28, 2025, Memorandum Opinion (ECF No. 39), are adopted and incorporated into this present opinion.  *West v. Global Lending Services, LLC*, 2024 WL

---

[3] Global Lending calling that phone number is not enough to state a violation.  To be sure, the statue a debt collector from making certain disclosures to third parties absent consumer consent, 15 U.S.C. § 1692c(b), but the statute permits some other communications, as long as the debt collector follows the rules laid out in the statute, *see* 15 U.S.C. § 1692b.  West, silent on whether Global Lending spoke with anyone and what information, specifically, was disclosed, has not plead facts to make out a violation.

1534967 (E.D. Pa. May 28, 2025).  Therefore, this claim previously dismissed without prejudice in the May 28, 2025, Order, shall now be dismissed with prejudice.  *See U.S. ex rel. Schumann*, 769 F.3d at 849 ("[A] district court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint but chose not to resolve them."); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("Repeated failures to cure the [complaint's] deficiency by amendments previously allowed" may justify dismissal with prejudice); *see also Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 73-74 (3d Cir. 1994) ("[T]hree attempts at a proper pleading is enough[.]").  *See also Valentin v. Dep't of Labor & Indus.*, 2025 WL 830441 (3d Cir. Mar. 17, 2025), *cert. denied*, 2025 WL 3507032 (U.S. Dec. 8, 2025) (affirming dismissal with prejudice where, after a motion to dismiss, *pro se* plaintiff "had the opportunity to address the pleading deficiencies in his amended complaint, and any further amendment would be futile.").

An appropriate order follows.

BY THE COURT:


S/ WENDY BEETLESTONE

_____
WENDY BEETLESTONE, C.J.

8